# Illinois Official Reports

## Appellate Court

---

### *PPG Industries v. Illinois Workers' Compensation Comm'n*,
### 2014 IL App (4th) 130698WC

---

| | |
|---|---|
| Appellate Court Caption | PPG INDUSTRIES, Appellee, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (Carrie Bond, Appellant). |
| District & No. | Fourth District<br>Docket No. 4-13-0698WC |
| Filed | September 30, 2014 |
| Rehearing denied | November 18, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an appeal from the award of medical expenses and permanent partial disability under the Workers' Compensation Act for claimant's repetitive-trauma injuries to her left shoulder while working in a glass factory for nearly 38 years, the appellate court, in answer to a question certified by the trial court pursuant to Supreme Court Rule 308 as to whether section 6(d) of the Act, which sets a three-year statute of limitations for filing workers' compensation claims, bars the presentation of evidence of work activities that took place more than three years prior to the date of accident, or manifestation date, of a repetitive-trauma injury, responded in the negative, since section 6(d) does not contain any evidentiary limitations but rather sets forth the time frames in which claimant's application for benefits must be filed; therefore, pursuant to *De Bouse* and in the interest of judicial economy, the appellate court vacated the trial court's judgment and remanded the cause for further proceedings consistent with its answer to the certified question. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 12-MR-845; the Hon. Albert G. Webber, Judge, presiding. |
| Judgment | Certified question answered; circuit court judgment vacated; cause remanded. |

Counsel on
Appeal

Timothy M. Shay (argued) and Katherine E. Wood, both of Shay &
Associates, of Decatur, for appellant.

Robert E. Maciorowski (argued), of Maciorowski, Sackmann &
Ulrich, LLP, of Chicago, for appellee.

Panel

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justices Hoffman, Hudson, and
Stewart concurred in the judgment and opinion.

**OPINION**

¶ 1     On April 28, 2010, claimant, Carrie Bond, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 to 30 (West 2008)), seeking benefits from the employer, PPG Industries. Following a hearing, the arbitrator determined claimant sustained repetitive-trauma injuries to her left shoulder that arose out of and in the course of her employment on March 22, 2010. She awarded claimant $3,777 in medical expenses and permanent partial disability (PPD) benefits pursuant to section 8(e) of the Act (820 ILCS 305/8(e) (West 2008)) for a 7.5% loss of use of claimant's left arm. The arbitrator also considered and rejected a statute of limitations argument raised by the employer at arbitration. She concluded the three-year limitations period set forth in section 6(d) of the Act (820 ILCS 305/6(d) (West 2008)) barred neither claimant's repetitive-trauma claim nor the presentation of evidence of claimant's work activities in excess of three years before the alleged manifestation date of her injury.

¶ 2     On review, the Illinois Workers' Compensation Commission (Commission) made various minor corrections to the arbitrator's decision and converted the arbitrator's PPD award to an award under section 8(d)(2) of the Act (820 ILCS 305/8(d)(2) (West 2008)), finding claimant was entitled to compensation of 3.8% for the loss of use of the person as a whole. The Commission otherwise affirmed and adopted the arbitrator's decision. On judicial review, the circuit court of Macon County was persuaded by the employer's statute-of-limitations argument. The court "remanded the case to the Commission for reconsideration with the direction to not consider evidence of the injury occurring prior to April 28, 2007, the date three years prior to the filing of [claimant's] application for adjustment."

¶ 3     Additionally, the circuit court entered an order granting a motion by claimant for certification pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). It certified the following question for an interlocutory appeal:

> "Does section 6(d) of the *** Act, which sets forth a three[-]year statute of limitations for the filing of worker's [*sic*] compensation claims, act as a bar to the presentation of evidence of work activities that took place more than three years prior to the date of accident, or manifestation date, of a repetitive[-]trauma injury?"

¶ 4 This court granted claimant's application for leave to appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010). We answer the certified question in the negative, vacate the circuit court's judgment, and remand for further proceedings consistent with this opinion.

¶ 5 I. BACKGROUND

¶ 6 At arbitration, claimant testified she worked for the employer, a glass factory, for nearly 38 years. She began working for the employer in 1974 and, except for an approximately three-year period between 1979 and 1982 when the employer was closed, claimant continued to work for the employer through the February 2012 arbitration date. She described her work for the employer over those years. Claimant's testimony included descriptions of her various positions and job duties, as well as the extent to which she utilized her left upper extremity when working. Claimant stated in March 2010, her left shoulder began "popping quite a bit" and was sore. Thereafter, claimant began seeking medical treatment for her left shoulder. Claimant submitted her medical records into evidence.

¶ 7 The employer presented two witnesses who testified regarding the physical demands of some of the positions claimant held while working for the employer, including lifting requirements. It also submitted physical-demand checklists with respect to those positions, as well as the evidence deposition and reports of its evaluating physician, Dr. Prasant Alturi.

¶ 8 Additionally, the employer objected to claimant's testimony describing her nearly 38-year work history. It argued that only claimant's work activities in the three years prior to "the date of her alleged repetitive trauma" were relevant. Additionally, it asserted the Act's three-year limitations period prohibited consideration of "anything that occur[red] three years prior to the [accident or manifestation] date alleged." The arbitrator overruled the employer's objections, stating claimant's work history for the employer was relevant and it remained to be seen what weight would be placed on such evidence. However, at the employer's request, she allowed the request for hearing to be amended to include a statute-of-limitations issue.

¶ 9 On April 2, 2012, the arbitrator issued her decision in the matter, finding claimant sustained a repetitive-trauma injury to her left shoulder which manifested itself on March 22, 2010, and was causally related to her work for the employer. The arbitrator relied on claimant's testimony regarding her job duties and found "she credibly testified to the development of a painful left shoulder over time." The arbitrator noted that, after experiencing a painful "popping" in her left shoulder, claimant sought medical treatment and attributed her problems to her work.

¶ 10 The arbitrator also found claimant's application for adjustment of claim had been timely filed and her claim for benefits was not barred by the Act's three-year statute of limitations. Relying on various repetitive-trauma cases, she concluded that "the past work history of an employee should be considered" and was not confined, as suggested by the employer, to the three-year period preceding the alleged manifestation date. The arbitrator noted repetitive-trauma injuries may take years to develop and "[a]s such, it is imperative that an employee *** be allowed to explain and present evidence of the job duties performed over the course of her employment which she believes were causative of her condition of ill-being at the time the injury manifests itself." The arbitrator awarded claimant benefits as stated.

¶ 11 On October 24, 2012, the Commission issued its decision and, as discussed, modified and corrected portions of the arbitrator's decision. It otherwise affirmed and adopted the

arbitrator's decision, which, relevant to this appeal, included the arbitrator's findings with respect to the statute-of-limitations issue raised by the employer.

¶ 12    On April 17, 2013, the circuit court of Macon County issued its decision. The court found the statute-of-limitations issue was "a matter of first impression for Illinois courts" and agreed with the employer's position. It ordered the case "remanded to the Commission for reconsideration with the direction to not consider evidence of injury occurring prior to April 28, 2007, the date three years prior to the filing of [claimant's] application for adjustment." On August 9, 2013, the court entered an order granting claimant's motion for certification pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010), noting it "interpreted [section 6(d) of the Act] to include an evidentiary limitation" and certifying the following question for review before this court:

> "Does section 6(d) of the *** Act, which sets forth a three[-]year statute of limitations for the filing of worker's [*sic*] compensation claims, act as a bar to the presentation of evidence of work activities that took place more than three years prior to the date of accident, or manifestation date, of a repetitive[-]trauma injury?"

As stated, we granted claimant's application for leave to appeal pursuant to Rule 308.

¶ 13                                    II. ANALYSIS

¶ 14    The issue presented by this appeal concerns a matter of statutory interpretation. In particular, whether section 6(d) of the Act (820 ILCS 305/6(d) (West 2008)) limits the evidence a claimant may present regarding his or her work activities to only those activities occurring within the three years prior to the filing of the claimant's application for adjustment of claim or manifestation date of his or her repetitive-trauma injury.

¶ 15    "The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Curtis v. Illinois Workers' Compensation Comm'n*, 2013 IL App (1st) 120976WC, ¶ 13, 987 N.E.2d 407. "The best indicator of the legislature's intent is the language of the statute itself, which must be given its plain and ordinary meaning." *Curtis*, 2013 IL App (1st) 120976WC, ¶ 13, 987 N.E.2d 407. Statutory construction issues are subject to *de novo* review. *Curtis*, 2013 IL App (1st) 120976WC, ¶ 13, 987 N.E.2d 407.

¶ 16    Section 6(d) of the Act (820 ILCS 305/6(d) (West 2008)) sets forth limitations periods for the filing of workers' compensation claims and, relevant to this appeal, bars the filing of an application for adjustment of claim "unless the application for compensation is filed with the Commission within 3 years after the date of accident." That section provides as follows:

> "In any case, other than one where the injury was caused by exposure to radiological materials or equipment or asbestos unless the application for compensation is filed with the Commission within 3 years after the date of the accident, where no compensation has been paid, or within 2 years after the date of the last payment of compensation, where any has been paid, whichever shall be later, the right to file such application shall be barred.

> In any case of injury caused by exposure to radiological materials or equipment or asbestos, unless application for compensation is filed with the Commission within 25 years after the last day that the employee was employed in an environment of hazardous radiological activity or asbestos, the right to file such application shall be barred." 820 ILCS 305/6(d) (West 2008).

¶ 17 "[T]he date of an accidental injury in a repetitive-trauma compensation case is the date on which the injury 'manifests itself.' " *Peoria County Belwood Nursing Home v. Industrial Comm'n*, 115 Ill. 2d 524, 531, 505 N.E.2d 1026, 1029 (1987). " 'Manifests itself' means the date on which both the fact of the injury and the causal relationship of the injury to the claimant's employment would have become plainly apparent to a reasonable person." *Peoria County*, 115 Ill. 2d at 531, 505 N.E.2d at 1029.

¶ 18 Here, claimant alleged a repetitive-trauma injury to her left shoulder, which she asserted developed gradually over time as she utilized her left upper extremity when performing her work duties. As the employer points out, section 6(d) contains no exception for repetitive-trauma claims and, like claims involving a single definable accident, repetitive-trauma claims must be brought within three years after the claimant's manifestation date. Claimant alleged her repetitive-trauma injury manifested on March 22, 2010. The employer does not appear to dispute that date and, in fact, asserts in its brief that claimant "did not establish any manifestation of a left shoulder injury until March 22, 20[10]." Claimant filed her application for adjustment of claim on April 28, 2010, just over one month after her alleged manifestation date and, thus, well within section 6(d)'s three-year limitations period. Her claim for a repetitive-trauma injury to her left shoulder was timely filed.

¶ 19 Additionally, looking to the plain and ordinary language of section 6(d), we find no evidentiary limitation. Section 6(d) provides limits with respect to the *filing* of a claim for benefits, not what evidence may be presented to support any particular claim. A repetitive-trauma injury is one which "has been shown to be caused by the performance of the claimant's job and has developed gradually over a period of time, without requiring complete dysfunction." *Peoria County*, 115 Ill. 2d at 529, 505 N.E.2d at 1028; see also *Oscar Mayer & Co. v. Industrial Comm'n*, 176 Ill. App. 3d 607, 611, 531 N.E.2d 174, 176 (1988) ("By their very nature, repetitive-trauma injuries may take years to develop to a point of severity precluding the employee from performing in the workplace."). It stands to reason that a claimant's work history may be necessary and relevant to determining whether she sustained such a work-related, gradual injury. As noted by the arbitrator and the Commission, case law establishes that a claimant's work history has been routinely considered in repetitive-trauma cases, including work history that extended beyond three years prior to an alleged manifestation date. See *Kishwaukee Community Hospital v. Industrial Comm'n*, 356 Ill. App. 3d 915, 917-18, 828 N.E.2d 283, 287 (2005) (over 30 years); *Oscar Mayer*, 176 Ill. App. 3d at 608, 531 N.E.2d at 174-75 (15 years); *City of Springfield, Illinois v. Illinois Workers' Compensation Comm'n*, 388 Ill. App. 3d 297, 300-01, 901 N.E.2d 1066, 1069-70 (2009) (approximately 8 years); *Peoria County*, 115 Ill. 2d at 527, 505 N.E.2d at 1027 (6 years).

¶ 20 The real issue presented by the employer's challenge to claimant's testimony is whether evidence of her entire work history for the employer was relevant to her claim and admissible into evidence. This is an evidentiary issue that was for the Commission to resolve and was not governed by the Act's statute of limitations. We note "[t]he rules of evidence apply to all proceedings before the Commission or an arbitrator, except to the extent they conflict with the Act." *Greaney v. Industrial Comm'n*, 358 Ill. App. 3d 1002, 1010, 832 N.E.2d 331, 340 (2005). Further, "[e]videntiary rulings made during the course of a workers' compensation proceeding will be upheld on review absent an abuse of discretion." *Greaney*, 358 Ill. App. 3d at 1010, 832 N.E.2d at 340. Similarly, upon its admission, the appropriate weight to be given such evidence was within the province of the Commission. *Roberson v. Industrial Comm'n*,

225 Ill. 2d 159, 173, 866 N.E.2d 191, 199 (2007) ("The Commission must weigh the evidence presented at the arbitration hearing and determine where the preponderance of that evidence lies.").

¶ 21 Under the circumstances of this appeal, neither the Commission's evidentiary rulings nor its weighing of the evidence is properly before this court. As a result, we do not address those issues on review. Instead, we find section 6(d) of the Act was not the proper basis to support the employer's objection to the evidence presented at arbitration. Section 6(d) is a statute of limitations that sets forth the appropriate time frames in which a claimant must *file* his or her application for benefits. That section bars only claims that are not *filed* within the stated time frames. Section 6(d) does not contain any evidentiary limitations.

¶ 22 Finally, we note the circuit court's specific interpretation of section 6(d) and ruling in this case could lead to absurd results. As stated, the court remanded to the Commission and directed it "not to consider evidence of injury occurring prior to April 28, 2007, the date three years prior to *the filing* of [claimant's] application for adjustment." (Emphasis added.) In the present case, claimant happened to file her application for benefits close in time to her alleged manifestation date. However, section 6(d) permits the filing of an application up to three years after an injury manifested itself. Had claimant waited until three years after her manifestation date to file her claim, the court's ruling would essentially have prevented her from presenting any evidence of her work history leading up to the manifestation of her injury.

¶ 23 III. CONCLUSION

¶ 24 For the reasons stated, we answer the certified question in the negative and find section 6(d) of the Act does not contain an evidentiary limitation that bars the presentation of evidence of a claimant's work activities which occurred more than three years prior to the alleged manifestation date of a repetitive-trauma injury (or the filing of the claimant's application for adjustment of claim). We vacate the circuit court's judgment and remand for further proceedings consistent with this opinion. See *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 550, 922 N.E.2d 309, 313 (2009) (providing that once a court has answered a certified question, it may, "in the interests of judicial economy and the need to reach an equitable result, *** consider the propriety of the circuit court order that gave rise to [the] proceedings").

¶ 25 Certified question answered; circuit court judgment vacated; cause remanded.